UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Eddie Van Oliver, III,** ) | CASE NO. 1:23 CV 10 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | <u>Memorandum of Opinion and Order</u> |
| **David Hoffman aka David Huffman,** ) | |
| *et al.*, ) | |
| Defendants. ) | |

*Pro se* Plaintiff Eddie Van Oliver, III filed this action under 51 U.S.C. § 20137 against David Hoffman aka David Huffman, Susan Fuhman, Robert Campbell, Kristina Rowe, Craig Carpenter, Brin Saddler, and the Ohio Department of Mental Health. In the Complaint, Plaintiff alleges he was admitted and discharged from multiple mental health treatment facilities in the Columbus, Ohio area from April to September 2019. He objects to comments made about him, and contends he suffered side effects from the medications given to him. He seeks unspecified damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted.

As an initial matter, this Court is not the proper venue for this action. A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in

the state in which the court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). Plaintiff lists Columbus, Ohio addresses for all of the defendants. He further states that he was treated at the Twin Valley Behavioral Healthcare Hospital, the Columbus Springs East Hospital, and Riverside Methodist Hospital. All of these facilities are in Columbus, Ohio. Columbus is located within Ohio's southern judicial district. The Northern District of Ohio is not the proper venue for this action.

An improperly venued action must be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter and this action is, therefore, dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Plaintiff's Complaint does not meet the basic notice pleading requirements. It does not contain many facts. Plaintiff contends he was hospitalized at various times from April 2019 to September 2019. He states there was another hospitalization prior to April 2019, but he does not provide any information about it. He indicates he does not like some of the things that were said about him but does not indicate what was said or who said it. He states he is suffering withdrawal symptoms from one of the medications given to him during this time. He does not indicate how any of the named defendants individually caused harm to him. The only cause of action he states in his Complaint is under 51 U.S.C. § 20137. This statute provides a remedy against the United States for personal injuries caused by medical personnel employed by the national space program who were acting within the scope of their employment. Plaintiff does

not allege facts to suggest that this statute applies to his case. No other federal cause of action is apparent on the face of the Complaint. Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/14/23